(No. 5467.   June 3, 1930.)

JOHN J. BOYLE, Respondent, v. WILLIAM H. MILES, Appellant.

[288 Pac. 893.]

J. H. Andersen, for Appellant.

John W. Jones and Guy Stevens, for Respondent.

LEE, J.—Suit for debt. Action commenced in Bingham county. Defendant and appellant, Miles, was served with complaint and summons in Los Angeles, California, on April 26, 1929. On May 17th following, default was en-

tered and judgment the following day. On June 14th appellant filed notice and motion to set aside the default, service having previously been had on plaintiff's counsel. From the order denying his motion this appeal is taken.

In his supporting affidavit, appellant stated that on May 9, 1929, he registered a letter to the clerk of the court at Blackfoot, "asking the said Clerk to have the time extended for appearance to enable affiant to get to Blackfoot and appear and defend in said cause"; that he made all possible haste to get to Blackfoot to arrange for his defense; that he never received a reply from the clerk; and he "assumed" that the time had been extended, and that "he was not familiar with Court rules or procedure, and did not know that it was necessary to have an appearance made by an attorney, and was waiting until he came to Blackfoot to employ counsel to defend" the action.

Countering this affidavit were introduced the affidavits of respondent plaintiff, the clerk of the court and the local postmaster at Blackfoot, the former stating that affiant had known appellant for a number of years; that, for a considerable period prior to his going to Los Angeles, the latter had resided in Blackfoot, engaged in business and had a general acquaintance with attorneys there. The clerk's affidavit set forth that on May 6th he received a registered letter from appellant relative to the action, stating "in a general way that he desired some further time within which to appear," that immediately affiant replied thereto, directing his reply to the address given in appellant's letter, the only one ever received. The reply advised appellant that the writer had no authority to "intercede" for him; that he should "hire an attorney to take care of the matter," and that if no answer was forthcoming by May 20th the writer thought that judgment would be taken. This letter, affiant averred, had never been returned. The postmaster's affidavit declared that on May 4th there was received at the office a registered letter from appellant at Los Angeles, addressed to said clerk, for which the latter

receipted on May 6th, and that this was the only letter received from such source between May 3d and May 16th.

Appellant stated in a reply affidavit that he was unacquainted with any attorneys in Blackfoot; that he never received any reply from the clerk; that "immediately" after writing the clerk he left Los Angeles and "started for Blackfoot," and that when he arrived he found "that the Clerk of the Court had not presented the matter to the judge of the Court for action."

Was the court as trier of the facts warranted in finding against appellant? Taking the counter-affidavits as true, this fact is outstanding: appellant must have registered his alleged letter to the clerk some days prior to May 4th, the day it landed in Blackfoot. If his own statement that he registered the letter on May 9th is true, it is equally significant that he waited thirteen days, nearly two weeks, before taking any action whatever. He says that "immediately" after writing the clerk he left Los Angeles and started for Blackfoot, "making all possible haste" to get there. Whether he left Los Angeles on May 9th or some days prior to May 4th, it is established that he did not reach Blackfoot earlier than May 19th, twenty-three days after the service upon him of a summons mandatorily directing him to "appear and plead" within twenty days of its service. Giving him all the best of it, here he was ten days getting from Los Angeles to Blackfoot, having started in his own good time thirteen days after he had been duly served with summons. It matters not that he was laboring under the peculiar assumption that it was the clerk's duty to present his plight to the trial judge. He was in a lawsuit, and he knew it, yet he apparently dawdled along, relying upon the anticipated service of a purely ministerial officer, notwithstanding his admission that he knew nothing of court rules or practice. Why he should complain of having received no reply to his letter, when he left Los Angeles immediately after posting his own, is at the least somewhat opaque. He could not have received a reply until he reached Blackfoot,

at which time the clerk's advice would have been altogether belated.

Judgment affirmed. Costs to respondent.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.